**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| DARRYL L. ISAACS,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK,<br><br>Defendant. | Case No. ____________________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: ____________________ |

Plaintiff Darryl L. Isaacs, through counsel, alleges as follows:

## INTRODUCTION

1. A thief opened a Comenity Capital Bank credit card in Darryl Isaacs's name.

2. Mr. Isaacs never applied for the card. He never used it. He never benefited from it. He owes nothing on it.

3. Comenity's own records show the card was applied for from Florida, tied to a Florida address that was not Mr. Isaacs's, and used in Florida.

4. Mr. Isaacs disputed the account through Trans Union, Equifax, and Experian more than ten times between October 2024 and August 2025. He sent an identity theft report. Each time, Comenity checked its records against its records, told the credit bureaus its reporting was accurate, and kept reporting a charged-off account that belonged to someone else.

5. Mr. Isaacs brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Comenity is subject to general personal jurisdiction in Ohio. It lists an Ohio address in connection with its credit reporting.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because Comenity resides here or alternatively because the acts complained of were done in this district.

## PARTIES

9. Plaintiff Darryl L. Isaacs is a natural person and a "consumer" under 15 U.S.C. § 1681a(c).

10. Defendant Comenity Capital Bank ("Comenity") is a Utah industrial bank.

11. Comenity regularly furnishes information about consumers to consumer reporting agencies, including Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (together, the "Bureaus"). It is a furnisher of information subject to 15 U.S.C. § 1681s-2.

## FACTS

### A. The Fraudulent Comenity Account

12. Comenity Capital Bank ("Comenity") issues private-label and co-branded credit cards, including the Toyota Rewards Visa.

13. On or about September 24, 2023, someone opened a Toyota Rewards Visa account with Comenity in Mr. Isaacs's name. The account number begins 483468 (the "Account").

14. Mr. Isaacs did not open the Account. He did not authorize anyone to open it. He did not use it. He did not benefit from it.

15. Comenity's own records show that the Account was applied for from Florida and used to make more than $8,000 in purchases in Florida.

16. The Account was associated with an address that has never been Mr. Isaacs's address: 101 NE 3rd Avenue, Hallandale Beach, Florida 33009 (the "Hallandale Beach Address").

17. The thief stopped paying. Comenity reported the Account as delinquent and charged it off in or about July 2024.

18. Comenity sold it to a debt buyer, Midland Credit Management, Inc., in or about August 2024. Comenity claimed a balance of $8,785.39.

**B. Comenity's Reporting of the Account**

19. Comenity furnished information about the Account to the Bureaus, identifying Mr. Isaacs as the account holder.

20. The Bureaus reported the Account in Mr. Isaacs's credit files as "ComenityCAPITAL/TY VISA": closed, charged off, with a non-payment history, and sold. Comenity listed its contact address as PO Box 18210 Columbus OH 43218.

21. Comenity continued to furnish information about the Account to the Bureaus after it sold the Account.

22. On information and belief, Comenity furnished the Hallandale Beach Address with the Account. Trans Union, Equifax, and Experian each reported that address in Mr. Isaacs's file in connection with the Account.

23. The reporting was false. Mr. Isaacs was not liable on the Account. He never missed a payment on it because he never owed one. Reporting a stranger's charged-off debt as Mr. Isaacs's debt was inaccurate.

24. The reporting was also materially misleading. Comenity presented the Account as Mr. Isaacs's own delinquency without disclosing that he disputed it as the product of identity theft.

25. Apart from the Account, Mr. Isaacs's credit history was clean. His other accounts showed timely payments.

**C. Mr. Isaacs's Disputes**

26. Mr. Isaacs disputed the Account in writing with the Bureaus on at least the following occasions:

(a) Trans Union: on or about October 26, 2024; December 6, 2024; June 12, 2025; and August 6, 2025.

(b) Equifax: on or about December 6, 2024; June 12, 2025; and August 6, 2025.

(c) Experian: on or about October 26, 2024; December 6, 2024; later in December 2024; January 6, 2025; June 12, 2025; and August 6, 2025.

27. In each dispute, Mr. Isaacs stated that he never opened or applied for the Account and that it was the product of fraud.

28. In December 2024, Mr. Isaacs sent each Bureau an FTC Identity Theft Report identifying the Comenity Account as a credit card opened by a thief. The report was prepared on his behalf by his brother, Marc Isaacs. Mr. Isaacs adopted it and confirmed under penalty of perjury that its contents were true and correct.

29. In his December 2024 disputes, Mr. Isaacs told the Bureaus that the Account was tied to Florida addresses that were not his. He asked each Bureau to ask Comenity what Comenity was doing to investigate. He warned that a comparison of Comenity's information with Comenity's own records would always confirm the information and was not an investigation.

30. In his June 2025 disputes, Mr. Isaacs wrote that he never opened, benefited from, or authorized the Account or any charges; that he suspected someone pretending to be him had opened it; that the reporting did not fairly state his dispute; and that Comenity was not a reliable source. He authorized anyone investigating to contact anyone and gave his phone number.

31. After each dispute, the Bureau that received it was required to notify Comenity of the dispute within five business days and to provide all relevant information it received from Mr. Isaacs. 15 U.S.C. § 1681i(a)(2).

32. On information and belief, each Bureau notified Comenity of each dispute through the e-OSCAR system using an ACDV, with dispute codes indicating that Mr. Isaacs claimed the Account was not his and was the product of fraud or identity theft.

33. On information and belief, the ACDVs Comenity received included or attached Mr. Isaacs's letters and identity theft report.

**D. Comenity's Response**

34. Comenity did not investigate. It could not verify the information it was reporting.

35. On information and belief, in response to each ACDV, Comenity compared the identifying information on the ACDV with the identifying information in its own account records, found that they matched, and reported to the Bureau that its information was accurate.

36. That comparison could not answer Mr. Isaacs's dispute. A thief who opens an account in a victim's name supplies the victim's name, date of birth, and Social Security number. A match proves only that the thief used them.

37. Comenity did not review the identity theft report in any meaningful way. It did not examine the application, the Florida address on the Account, the Florida location of the charges, the device, IP, telephone, or email data associated with the Account, or the absence of any payment from Mr. Isaacs. It did not contact Mr. Isaacs, although he invited contact and gave his phone number.

38. On information and belief, Comenity did not report the Account as disputed by the consumer.

39. Comenity did not modify, delete, or permanently block the reporting of the Account, although the information was inaccurate and could not be verified.

40. After each dispute, the Bureaus continued to report the Account in Mr. Isaacs's files based on Comenity's verification.

**E. Comenity's Dispute Procedures**

41. On information and belief, Comenity handles credit disputes like Mr. Isaacs's through an automated or near-automated process that confirms account data against Comenity's own records and returns a verification.

42. On information and belief, Comenity's dispute agents, if any, work under time limits and with a narrow menu of options, and are encouraged to report results that favor Comenity's collection interests.

43. Once notified of a dispute, a furnisher must investigate the disputed information, review all relevant information the consumer reporting agency provides, report the results, and modify, delete, or permanently block information that is inaccurate, incomplete, or unverifiable. 15 U.S.C. § 1681s-2(b)(1); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178–79 (10th Cir. 2013). A records match does not resolve an identity theft dispute.

44. Comenity knew all of this and chose its process anyway.

**Damages**

45. Comenity's conduct harmed Mr. Isaacs.

46. On information and belief, Comenity published consumer reports containing the Account to third parties, including creditors, while Mr. Isaacs's disputes were pending and after Comenity received them.

47. Mr. Isaacs's credit scores fell from above 800 into the 600s.

48. Mr. Isaacs's creditors reduced his credit limits. His effort to obtain a higher credit limit from American Express was impeded.

49. Mr. Isaacs spent substantial time and effort disputing a debt he never owed. He suffered stress, frustration, anxiety, embarrassment, and harm to his reputation for creditworthiness.

## CLAIM FOR RELIEF

### COUNT I
### Violation of 15 U.S.C. § 1681s-2(b)

50. Mr. Isaacs incorporates the preceding paragraphs.

51. Comenity received notice from the Bureaus under 15 U.S.C. § 1681i(a)(2) that Mr. Isaacs disputed the completeness and accuracy of the information Comenity furnished about the Account.

52. After each notice, Comenity violated 15 U.S.C. § 1681s-2(b)(1) by: (a) failing to conduct a reasonable investigation of the disputed information, § 1681s-2(b)(1)(A); (b) failing to review all relevant information provided by the Bureaus, § 1681s-2(b)(1)(B); (c) reporting inaccurate results of its purported investigation to the Bureaus, § 1681s-2(b)(1)(C); (d) failing to report that the information was incomplete or inaccurate to the consumer reporting agencies to which it had furnished the information, § 1681s-2(b)(1)(D); and (e) failing to modify, delete, or permanently block the reporting of information that was inaccurate, incomplete, or could not be verified, § 1681s-2(b)(1)(E).

53. Comenity's violations were willful. Comenity acted knowingly or in reckless disregard of its statutory duties. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Mr. Isaacs is entitled to relief under 15 U.S.C. § 1681n.

54. In the alternative, Comenity's violations were negligent. Mr. Isaacs is entitled to relief under 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

Mr. Isaacs asks the Court to enter judgment against Comenity and award:

(a) actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

(b) statutory damages of not less than $100 and not more than $1,000 under 15 U.S.C. § 1681n(a)(1)(A);

(c) punitive damages under 15 U.S.C. § 1681n(a)(2);

(d) costs and reasonable attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

(e) pre-judgment and post-judgment interest as allowed by law; and

(f) all other relief the Court finds just.

**JURY DEMAND**

Under Federal Rule of Civil Procedure 38, Mr. Isaacs demands a trial by jury on all issues so triable.

Dated: November 2, 2026

Respectfully submitted,

/s/ Brent S. Snyder
Brent S. Snyder (104059)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
bsnyder@dannlaw.com
notices@dannlaw.com

/s/ Scott C. Borison
Scott C. Borison (pro hac vice application forthcoming)
BORISON FIRM, LLC
1400 S. Charles Street
Baltimore, Maryland 21230
(301) 620-1016
scott@borisonfirm.com

/s/ Duran L. Keller
Duran L. Keller (pro hac vice application forthcoming)
Consumer Justice Law Firm PLC
8095 N. 85th Way
Scottsdale AZ 85258
(984) 310-0626
dkeller@consumerjustice.com

Attorneys for Plaintiff Darryl L. Isaacs